STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>FREE SPEECH SYSTEMS, LLC, a Texas domestic limited liability company; and ALEX E. JONES, an individual,<br><br>Defendants. | Case No.: 2:10-cv-1211<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Free Speech Systems, LLC ("Free Speech Systems") and Alex E. Jones ("Mr. Jones"; collectively with Free Speech Systems known herein as the "Defendants"), on information and belief:

### NATURE OF ACTION

1.  This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

1

**PARTIES**

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. Free Speech Systems is, and has been at all times relevant to this lawsuit, a Texas domestic limited liability company.

5. Free Speech Systems is, and has been at all times relevant to this lawsuit, identified by the current registrar, Tierranet Inc. dba DomainDiscover ("DomainDiscover"), as a registrant, administrative contact, technical contact, and zone contact for the Internet domain found at <prisonplanet.com> (the "Prison Planet Domain").

6. Mr. Jones is, and has been at all times relevant to this lawsuit, identified by DomainDiscover as an administrative contact, technical contact, and zone contact for the Domain.

7. Mr. Jones is, and has been at all times relevant to this lawsuit, identified as the Manager of Free Speech Systems, according to the Texas Secretary of State Business Organizations database, evidence which is attached hereto as Exhibit 1.

8. Mr. Jones is, and has been at all times relevant to this lawsuit, the self-proclaimed owner of the copyright(s) in the work(s) posted as part of the content accessible through the Prison Planet Domain (said content accessible through the Prison Planet Domain known herein as the "Prison Planet Website"), as evidenced by a copyright notice displayed on the Prison Planet Website: "Copyright © 2002-2009 Alex Jones. All rights reserved."

9. Mr. Jones is, and has been at all times relevant to this lawsuit, identified by the current registrar, gandi.net ("Gandi"), as the registrant of the Internet domain found at <infowars.com> (the "Infowars Domain").

10. Free Speech Systems is, and has been at all times relevant to this lawsuit, identified by Gandi as the registrant contact address for the Infowars Domain.

11. Free Speech Systems uses, and has used at all times relevant to this lawsuit, the Assumed Name: "www.infowars.com," according to the Texas Secretary of State Business Organizations database, as evidenced by Exhibit 1, attached hereto.

12. Mr. Jones is, and has been at all times relevant to this lawsuit, the self-proclaimed owner of the copyright(s) in the work(s) posted as part of the content accessible through the Infowars Domain (said content accessible through the Infowars Domain known herein as the "Infowars Website"), as evidenced by a copyright notice displayed on the Infowars Website: "© 2010 Alex Jones . . ."

**JURISDICTION**

13. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

14. Righthaven is the owner of the copyright in the literary work entitled: "The TSA's mini 'Watch List'" (the "Work"), attached hereto as Exhibit 2.

15. At all times relevant to this lawsuit, the Work has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

16. The Defendants willfully copied, on an unauthorized basis, a substantial and significant portion of the Work from a source emanating from Nevada.

17. On or about May 26, 2010, the Defendants displayed, and continue to display, an unauthorized reproduction of the Work (the "First Infringement"), attached hereto as Exhibit 3, on the Prison Planet Website.

18. The Defendants' display of the First Infringement was and is purposefully directed at Nevada residents.

19. On or about May 26, 2010, the Defendants displayed, and continue to display, an additional unauthorized reproduction of the Work (the "Second Infringement"), attached hereto as Exhibit 4, on the Infowars Website.

20. The Defendants' display of the Second Infringement was and is purposefully directed at Nevada residents.

21. At all times relevant to this lawsuit, the Defendants knew that the Work was originally published in the Las Vegas *Review-Journal*.

22. The Defendants willfully copied, on an unauthorized basis, the literary work entitled: "Slaying of Army veteran shocks friends" (the "Army Veteran Article"), attached hereto as Exhibit 5, from a source emanating from Nevada.

23. On or about July 12, 2010, the Defendants displayed, and continue to display, the Army Veteran Article on the Prison Planet Website.

24. The Defendants' display of the Army Veteran Article was and is purposefully directed at Nevada residents.

25. The Defendants willfully copied, on an unauthorized basis, the literary work entitled: "Shooting shows risk in police drug raids" (the "Drug Raids Article"), attached hereto as Exhibit 6, from a source emanating from Nevada.

26. On or about June 27, 2010, the Defendants displayed, and continue to display, the Drug Raids Article on the Prison Planet Website.

27. The Defendants' display of the Drug Raids Article was and is purposefully directed at Nevada residents.

28. The Defendants willfully copied, on an unauthorized basis, the literary work entitled: "The hunt is on for more ammunition in Nevada, U.S." (the "Ammunition Article"), attached hereto as Exhibit 7, from a source emanating from Nevada.

29. On or about September 6, 2009, the Defendants displayed, and continue to display, the Ammunition Article on the Prison Planet Website.

30. The Defendants' display of the Ammunition Article was and is purposefully directed at Nevada residents.

31. The Defendants willfully copied, on an unauthorized basis, the literary work entitled: "McCarran to test full-body scanners" (the "McCarran Article"), attached hereto as Exhibit 8, from a source emanating from Nevada.

32.     On or about March 18, 2009, the Defendants displayed, and continue to display, the McCarran Article on the Prison Planet Website.

33.     The Defendants' display of the McCarran Article was and is purposefully directed at Nevada residents.

34.     The Defendants willfully copied, on an unauthorized basis, the literary work entitled: "Fortunes rise and fall for one North Las Vegas neighborhood" (the "Fortunes Article"), attached hereto as Exhibit 9, from a source emanating from Nevada.

35.     On or about April 4, 2010, the Defendants displayed, and continue to display, the Fortunes Article on the Prison Planet Website.

36.     The Defendants' display of the Fortunes Article was and is purposefully directed at Nevada residents.

37.     The Defendants willfully copied, on an unauthorized basis, the literary work entitled: "Out of Nevada comes 'Beast'" (the "Beast Article"), attached hereto as Exhibit 10, from a source emanating from Nevada.

38.     On or about December 15, 2009, the Defendants displayed, and continue to display, the Beast Article on the Prison Planet Website.

39.     The Defendants' display of the Beast Article was and is purposefully directed at Nevada residents.

40.     The Defendants willfully copied, on an unauthorized basis, the literary work entitled: "Employer's gold, silver payroll standard may bring hard time" (the "Gold Article"), attached hereto as Exhibit 11, from a source emanating from Nevada.

41.     On or about March 5, 2010, the Defendants displayed, and continue to display, the Gold Article on the Prison Planet Website.

42.     The Defendants' display of the Gold Article was and is purposefully directed at Nevada residents.

43.     The Defendants' contacts with Nevada are continuous and systematic because the Defendants regularly published and publish, on the Prison Planet Website, content emanating

from Nevada-based daily publications, and such contacts have been in existence at least in excess of one year.

44. The Defendants' contacts with Nevada are continuous and systematic because the Defendants regularly published and publish, on the Prison Planet Website, advertisements for Las Vegas, Nevada vacation packages, evidence of which is attached hereto as Exhibit 12.

45. The Defendants' contacts with Nevada are continuous and systematic because the Defendants regularly published and publish, on the Prison Planet Website, an advertisement for "Things to Do in Las Vegas," evidence of which is attached hereto as Exhibit 13.

46. The Defendants' contacts with Nevada are continuous and systematic because the Defendants regularly published and publish, on the Prison Planet Website, advertisements for meeting Las Vegas, Nevada-based singles, as evidenced by Exhibit 13, attached hereto.

47. The Defendants' contacts with Nevada are continuous and systematic because the Defendants regularly published and publish, on the Prison Planet Website, advertisements for grocery shopping in Las Vegas, Nevada, evidence of which is attached hereto as Exhibit 14.

48. The Defendants' contacts with Nevada are continuous and systematic because the Defendants regularly published and publish, on the Prison Planet Website, advertisements for Las Vegas, Nevada-based printing companies, as evidenced by Exhibit 14, attached hereto.

49. The Defendants' contacts with Nevada are continuous and systematic because the Defendants regularly published and publish, on the Prison Planet Website, advertisements for voter registration in Nevada, evidence of which is attached hereto as Exhibit 15.

50. The Defendants' contacts with Nevada are continuous and systematic because the Defendants published and publish, on the Prison Planet Website, information of specific interest to Nevada residents about Nevada-related political issues, and such contacts have been in existence at least in excess of one year.

51. The Defendants' contacts with Nevada are continuous and systematic because the Defendants published and publish, on the Prison Planet Website, information of specific interest to Nevada residents about the Las Vegas, Nevada economy, and such contacts have been in existence at least in excess of one year.

## VENUE

52. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

53. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(c), because Free Speech Systems is subject to personal jurisdiction in Nevada.

## FACTS

54. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(1).

55. Righthaven is the owner of the copyright in and to the Work.

56. The Work was originally published on May 25, 2010.

57. On July 14, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007173597 (the "Registration") and attached hereto as Exhibit 16 is evidence of the Registration in the form of a printout of the official USCO database record depicting the occurrence of the Registration.

58. On or about May 26, 2010, the Defendants displayed, and continue to display, the First Infringement on the Prison Planet Website.

59. On or about May 26, 2010, the Defendants displayed, and continue to display, the Second Infringement on the Infowars Website.

60. The Defendants did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

61. The Defendants were not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

## CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

62. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 61 above.

63. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).

64. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).

65. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

66. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

67. The Defendants reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

68. The Defendants created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

69. The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Work via both the Prison Planet Website and the Infowars Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

70. The Defendants publicly displayed, and continue to publicly display, an unauthorized reproduction of the Work via both the Prison Planet Website and the Infowars Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

71. Free Speech Systems has willfully engaged in the copyright infringement of the Work.

72. Mr. Jones has willfully engaged in the copyright infringement of the Work.

73. The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

74.     Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Work, pursuant to 17 U.S.C. § 502.

**PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1.      Preliminarily and permanently enjoin and restrain the Defendants, and the Defendants' officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under the Defendants, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2.      Direct the Defendants to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

    a.      All evidence and documentation relating in any way to the Defendants' use of the Work, in any form, including, without limitation, all such evidence and documentation relating to both the Prison Planet Website and the Infowars Website;

    b.      All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding the Defendants' use of the Work; and

    c.      All financial evidence and documentation relating to the Defendants' use of the Work;

3.      Direct DomainDiscover and any successor domain name registrar for the Prison Planet Domain to lock the Prison Planet Domain and transfer control of the Prison Planet Domain to Righthaven;

4.      Direct Gandi and any successor domain name registrar for the Infowars Domain to lock the Infowars Domain and transfer control of the Infowars Domain to Righthaven;

5. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. § 504(c);

6. Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

7. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

8. Grant Righthaven such other relief as this Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Righthaven requests a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated this twenty-first day of July, 2010.

RIGHTHAVEN LLC

By: /s/ J. Charles Coons
STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Attorneys for Plaintiff